**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LORRAINE BONTE,

                *Plaintiff,*

v.

YORKVILLE CAPITAL and
LEONARD EDELSTEIN

                *Defendants.*

22-cv-5531

**COMPLAINT**

Plaintiff Lorraine Bonte ("Lorraine" or "Plaintiff"), hereby files the following Complaint against Yorkville Capital Management, LLC ("Yorkville,"), as well as against Yorkville's control person Leonard Edelstein ("Edelstein"), and alleges on personal knowledge, investigation of her counsel, and information and belief, as follows:

**NATURE OF ACTION**

1.      Lorraine was a client of Yorkville, a Registered Investment Advisory firm ("RIA") between 2012 and 2021.

2.      Edelstein worked as the Managing Director and Portfolio Manager for Yorkville from August, 2012 to September, 2020.

3.      Prior to his employment with Yorkville, Edelstein managed Lorraine's accounts with Morgan Stanley, while he was a registered broker and investment advisor.

4.      Edelstein joined Yorkville in 2012, at approximately the same time Lorraine started investing with Yorkville as her RIA.

5.      Throughout the duration of his employment with Yorkville and the entire time he managed Lorraine's accounts with Yorkville, Edelstein was not registered as a broker or investment advisor.

6.      Edelstein was the only Yorkville employ managing Lorraine's account, and he made decisions in relation to Lorraine's portfolio that led to significant losses, during what was a historic bull market.

7.      Yorkville owed Lorraine a fiduciary duty as her RIA and were obligated to manage her portfolio in her best interest.

8.      Lorraine discovered the losses in her portfolio in 2020 and confronted Yorkville and Edelstein regarding their mismanagement of her portfolio.

9.      Following Lorraine's confrontation, Edelstein promptly retired.

10.     Neither Edelstein nor Yorkville took any actions to rectify the losses experienced in Lorraine's portfolio.

11.     Lorraine removed her money from Yorkville in 2021 to temper any further loss.

**JURISDICTION AND VENUE**

12.     The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is a civil action between a citizen of California and citizens of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     This Court has personal jurisdiction over the Defendants as all maintain their principal places of business in and/or are citizens of the State of New York. As such, they have purposefully availed themselves of and established minimum contacts with the State.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because all Defendants reside in this district.

## PARTIES

15.     Plaintiff Lorraine Bonte is, and was at all times mentioned herein, an individual citizen of the State of California, and currently resides in that state.

16.     Defendant Yorkville Capital Management, LLC is a Registered Investment Advisory organized under the laws of the State of New York, with its principal place of business located at 158 E. 126th St, Ste 304, New York, New York 10035 and/or 405 Park Ave #901, New York, NY 10022

17.     Defendant Leonard Edelstein is, and was at all times mentioned herein, an individual citizen of the State of New York, and currently resides in the State. Mr. Edelstein was the Managing Director and Portfolio Manager of Yorkville from August 1, 2012 until his retirement on September 30, 2020. In this capacity he exercised complete control over Yorkville's investment decisions.

## FACTUAL ALLEGATIONS

18.     Lorraine has been a chiropractor for over 50 years and still works today at 91. Lorraine operates a solo practice, though previously owned a chiropractic business with several employees.

19.     Lorraine was involved in homeopathic and chiropractic treatment focused women's groups in Santa Monica, California.

20.     In one of the women's groups, Lorraine was referred to Edelstein by a group member.

21.     Lorraine then started investing with Edelstein and subsequently Yorkville.

22.     Lorraine moved her accounts to Yorkville when Edelstein moved to Yorkville and became the Managing Director in August 2012.

3

23.     Prior to his employment with Yorkville, Edelstein was a registered investment advisor and Broker with Morgan Stanley through August 1, 2012, with CRD identification number 1066736.

24.     For the duration of his employment with Yorkville, Edelstein was neither registered as a broker nor an investment advisor, and therefore was not licensed to be operating in his position while managing Lorraine's account.

25.     Edelstein exercised full control over investment decisions for Lorraine's account.

26.     For Yorkville and Edelstein's services, Lorraine paid over $30,000 yearly.

27.     Lorraine instilled her trust in Yorkville and Edelstein to act as fiduciaries who would make investment decisions in her best interest.

28.     In 2014, Lorraine had heart surgery.

29.     During the period of Lorraine's recovery following the surgery, Yorkville and Edelstein took advantage of Lorraine's less-capacitated position.

30.     Defendants made risky investment decisions with Lorraine's portfolio through concentrating her in the energy market with highly speculative positions and alternative investments unsuitable for her age and investment desires.

31.     Yorkville invested Lorraine in positions such as Cheniere Energy Partners, LP, Energy Transfer, LP, DCP Midstream, LP, Magellan Midstream Partners, LP, and Plains All American Pipeline.

32.     Edelstein's specialized in "Master Limited Partnerships," and used this supposed specialization to overconcentrate Lorraine's portfolio in alternative investments.

33.     Defendants' investment decisions lead to over two million in out-of-pocket losses for Lorraine.

**The Discovery of Wrongdoing**

34.     In 2018, Lorraine had to move her chiropractic practice to another office space as the building she was operating from was scheduled for demolition.

35.     During the moving process, Lorraine moved her business and financial records to her residence for safe keeping.

36.     Lorraine was experiencing issues with the linoleum flooring in her kitchen in her apartment during the moving process, which required the landlord to replace the flooring.

37.     Lorraine's financial records had been in her kitchen. Lorraine's friend and patient, Beverly came to assist with emptying the kitchen at some point in or around 2020.

38.     While moving the records out of Lorraine's kitchen, Beverly reorganized the records.

39.     In doing so, Beverly noticed that Lorraine's accounts with Yorkville had been experiencing extreme losses.

40.     Beverly saw that Lorraine had lost around a million dollars in one month alone.

41.     Beverly showed Lorraine the documents, and Lorraine was furious.

42.     Lorraine scheduled a meeting with her CPA, who said he had not seen the documents showing the loss prior to that point.

43.     Soon thereafter, Lorraine fired her CPA.

44.     Lorraine then turned her focus to Edelstein and questioned him about the management of her account.

45.     Edelstein did not provide an explanation for the extreme loss in a historic bull market. Rather, he said he was retiring and wanted to switch her account to someone else at Yorkville.

46.     Edelstein officially retired on September 30, 2020.

47.     Lorraine declined to have another Yorkville employee manage her money and moved her portfolio to Merrill Lynch.

## CAUSES OF ACTION

## Count One: Breach of Fiduciary Duty

48.     Plaintiff incorporates by reference all other paragraphs of this complaint as if fully stated herein.

49.     Lorraine had a fiduciary relationship with Defendants based on contract and her relationship with Defendants, as well as on the reliance she placed on Defendants to offer sound, unconflicted financial advice.

50.     Defendants failed to adequately investigate the Master Limited Partnerships and other alternative investments they purchased for Lorraine's account.

51.     Defendants recklessly ignored a plethora of red flags and problems surrounding the offerings, which they had a duty to investigate.

52.     Defendants concealed from Lorraine material information regarding the investments.

53.     Defendants actively, unreasonably, and illegally induced Lorraine to invest her money in a way that led to guaranteed and unearned profit for Defendants, but hindered Lorraine's portfolio growth, which represents a clear conflict of interest.

54.     Defendants also advised Lorraine to overconcentrate her account in one sector of the economy and in such a way that was unsuitable for her.

55.     Defendants strayed from the standard of care owed to clients, such as Lorraine,

6

as promulgated by FINRA and the SEC.

56.    Defendants breached the fiduciary duty they owed Lorraine.

57.    Defendants' breach led to significant loss in Lorraine's portfolio.

### Count Two: Negligent Supervision

58.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully stated herein.

59.    Yorkville employed Edelstein as managing director and portfolio manager.

60.    Yorkville was negligent in allowing Edelstein to manage customer accounts without proper certifications.

61.    Yorkville allowed Edelstein to act as portfolio manager for nearly a decade without proper certifications.

62.    Yorkville negligently supervised Edelstein's actions and activities in relation to Lorraine's portfolio.

63.    Lorraine was damaged by Yorkville's negligent supervision of Edelstein and Edelstein's management of Lorraine's portfolio.

### Count Three: Negligence

64.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully stated herein.

65.    Defendants were negligent in reviewing, agreeing to sell, recommending, and selling unsuitable and high commission alternative investments to Lorraine.

66.    Such negligence arose directly out of Defendants' failure to adequately

investigate these securities prior to approving their sales to Lorraine in breach of Defendants' due diligence duties towards their clients.

67.     Defendants owed Lorraine a duty to act as a reasonable Registered Investment Advisory would under the same or similar circumstances, in connection with their review, recommendation, and sales of securities.

68.     Defendants also had a duty to act reasonably in reviewing, recommending, and selling other investment products to Lorraine, and breached that duty when recommending and selling risky and high commission investment products.

69.     Yorkville's supervision of Edelstein in general was negligent, as well as its supervision of specific transactions.

70.     Yorkville was negligent in allowing Edelstein to manage Lorraine's account when he was not registered as a broker or investment adviser.

71.     Defendants' negligence damaged Lorraine by depleting the value of her portfolio.

## Count Four: Negligent Misrepresentation

72.     Defendants made numerous misrepresentations and omissions of material fact to Lorraine regarding alternative investments without a reasonable basis to recommend such products.

73.     Yorkville served as investment advisor for Lorraine, though he was not registered to do so.

74.     Yorkville and Edelstein understood and accepted the trust and reliance reposed in them by Lorraine and specifically understood that Lorraine looked to them to select suitable investments.

75.     Lorraine justifiably followed advice stemming from Defendants' material omissions and negligent misrepresentations when she purchased the investments suggested by Defendants.

76.     Defendants' negligent misrepresentations and omissions lead to significant loss in Lorraine's portfolio.

### Count Five: *Respondeat Superior*

77.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

78.     Yorkville is liable to Lorraine under the doctrine of *respondeat superior* for Edelstein's acts and omissions because he had authority to act on Yorkville's behalf at all pertinent times.

79.     Edelstein was fully authorized to hold himself out to the public as Yorkville's employee, agent, and/or associated person, even though he was not licensed to sell the types of securities in Lorraine's account.

80.     He acted within the course and scope of his employment and/or agency with Yorkville when advising Lorraine and managing her accounts.

81.     Yorkville is fully liable to Lorraine under the doctrine of *respondeat superior* for all of Edelstein's acts and omissions described herein.

## **Count Six: Financial Elder Abuse.**

## **CAL. WELF. & INST. CODE § 15610.30**

82.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

83.     Lorraine is currently 91 and has been over 65, the statutorily defined age for an elder, during her entire relationship with defendants.

84.     Defendants appropriated the real or personal property of Lorraine for wrongful use.

85.     Defendants' actions in managing Lorraine's account harmed Lorraine financially, which they knew or should have known would happen.

86.     Edelstein was acting in his capacity as an employee of Yorkville when managing Lorraine's account to her detriment.

## **DEMAND FOR JURY TRIAL**

87.     Plaintiff demands a trial by jury on all counts so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against the Defendants:

      i.   For all recoverable compensatory and other damages sustained by Plaintiff;

     ii.   An award of attorneys' fees and costs to counsel for Plaintiff to the extent permitted by applicable law;

    iii.   Treble damages in relation to the elder abuse claim;

    iv.   Such other relief as the Court deems just and proper.

Respectfully submitted,

By:   /s/ Jason J. Kane
**PEIFFER WOLF CARR KANE CONWAY & WISE**
Jason J. Kane
95 Allens Creek Road
Bldg 1, Ste. 150
Rochester, NY 14618
Telephone: (585) 310-5140
Facsimile: (504) 608-1465
jkane@peifferwolf.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29 day of June 2022, a copy of the foregoing **COMPLAINT** was served on all counsel of record through operation of the Court's CM/ECF filing system.

_____/s/ Judi Bogart_____
Judi Bogart, Paralegal